UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:10CV1250 RWS ) |
| SUSIE'S CONSTRUCTION, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion For Default Judgment. Default was entered by the Clerk against Defendants Bud York and Susie York on August 17, 2010, and against Defendant Susie's Construction, Inc., on September 9, 2010. The Court finds that more than 21 days have passed since Defendants were served and that entry of Default Judgment is therefore appropriate.

As to Count I, Plaintiffs request Default Judgment against Defendant Susie's Construction, Inc. in the amount of $9,058.99, representing known outstanding variances and liquidated damages; interest in the amount of $90.85; attorneys' fees and costs; and post-judgment interest as provided by law. Plaintiffs also request an Order for an audit because Defendant Susie's

Construction, Inc. has failed to submit Contribution Report Forms since June 2009. Such relief is appropriate in an ERISA case where the delinquency is partially known and partially unknown. <u>Int'l Painters & Allied Trades Pension Fund, et al. v. CH-IK Painting, Inc.</u>, 456 F. Supp. 2d 184 (D.D.C. 2006). Plaintiffs' Motion For Default Judgment will be granted as to Count I.

Plaintiffs also seek to impose personal liability upon Defendants Bud York and Susie York, in that they carried on the business of Defendant Susie's Construction after the company was administratively dissolved. The Court has reviewed the submissions by Plaintiffs in support of their Motion For Default Judgment, including various documents on file with the Missouri Secretary of State (Exhibits 6-9).  Pursuant to § 351.486.3, RSMo., a corporation administratively dissolved continues its corporate existence, but may not carry on any business, except that necessary to wind up and liquidate its business and affairs under Section 351.476, and notify claimants under Sections 351.478 and 351.482, and any officer or director who conducts business on behalf of a corporation so dissolved, except as provided in this Section, shall be personally liable for any obligations so incurred.  Defendant Susie's Construction was administratively dissolved in 1998 and that at that time, Defendants Bud York and Susie York were officers of the corporation.  Since dissolution, Defendants Bud

York and Susie York have carried on the business of Defendant Susie's Construction, without taking steps to wind-up, or reinstate the corporation. Therefore, pursuant to § 351.486.3, R.S.Mo., Defendants Bud York and Susie York are personally liable for the debts of Defendant Susie's, including the Default Judgment entered as to Count I.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion For Default Judgment [#16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have Default Judgment against Defendant Susie's Construction, Inc. in the amount of $9,058.99, representing known outstanding variances and liquidated damages; interest in the amount of $90.85; their attorneys' fees and costs, and Plaintiffs shall have a period of fifteen (15) days in which to submit documentation supporting said amounts; and Plaintiffs shall have post-judgment interest as provided by law.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded an audit of Defendant Susie's Construction, Inc. for the period of January 2007 through the date of this Default Judgment. Such audit shall be completed within thirty (30) days of the date of this Default Judgment, at Defendant's cost.

**IT IS FURTHER ORDERED** that Default Judgment is entered against

Defendants Bud York and Susie York, jointly and severally, on the same terms as against Defendant Susie's Construction, Inc.

**IT IS FURTHER ORDERED** that Defendants Bud York and Susie York, as the responsible officers of Susie's Construction, shall submit the books of Defendant Susie's to an audit as provided in Count I within 30 days of the date of this Default Judgment.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2010.